FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 30, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAMES WAYNE YANCEY,

     Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

No. 2:17-CV-00165-RHW

**ORDER GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 11, 12. Plaintiff James Wayne Yancey brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his applications for Disability Insurance Benefits and Supplemental Security Income under Titles II & XVI of the Social Security Act, 42 U.S.C §§ 401-434 & 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Mr.

Yancey's Motion for Summary Judgment.

## I.      Jurisdiction

Mr. Yancey filed his applications for supplemental security income and

disability insurance benefits on November 3, 2013. AR 209-16.  His alleged onset

date is April 26, 2013. AR 209. His applications were initially denied on February

27, 2014, AR 158-62, and on reconsideration on May 5, 2014, AR 168-73.

Administrative Law Judge ("ALJ") Mark Kim held a hearing on December

18, 2015. AR 39-83. On January 13, 2016, ALJ Kim issued a decision finding Mr.

Yancey ineligible for disability benefits. AR 21-33. The Appeals Council denied

Mr. Yancey's request for review on March 20, 2017, AR 1-5, making the ALJ's

ruling the "final decision" of the Commissioner.

Mr. Yancey timely filed the present action challenging the denial of benefits

on May 16, 2017. ECF No. 3. Accordingly, his claims are properly before this

Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months."  42

U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act.  20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b) & 416.920(b).  Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit.  20 C.F.R. §§ 404.1572 & 416.972.  If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits.  20 C.F.R. §§ 404.1571 & 416.920(b).  If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(c) & 416.920(c).  A severe impairment is one that has lasted or is expected to last for at least twelve months,

and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this

burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV.    Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and accordingly, are only briefly summarized here. Mr. Yancey was 39 years old at the time of his hearing. AR 26. He has completed high school and two years of college. *Id.* He has previously worked a store laborer, sales clerk, office helper, host, and telephone solicitor. AR 32.

//

## V.    The ALJ's Findings

The ALJ determined that Mr. Yancey was not under a disability within the meaning of the Act from April 26, 2013, through the date of the decision. AR 21-33.

**At step one**, the ALJ found that Mr. Yancey had not engaged in substantial gainful activity since April 26, 2013, his alleged onset date (citing 20 C.F.R. §§ 404.1571 *et seq*. and 416.971 *et seq*.). AR 23.

**At step two**, the ALJ found Mr. Yancey had the following severe impairments: affective disorder, anxiety disorder, Asperger's syndrome, scoliosis and kyphosis, degenerative disc disease and spondylosis of the thoracic and cervical spine, and obstructive sleep apnea (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 23.

At **step three**, the ALJ found that Mr. Yancey did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 24-25.

At **step four**, the ALJ found Mr. Yancey had the following residual functional capacity: He can perform light work as defined in C.F.R. 404.1567(b) and 416.967(b) except that he can lift/carry up to 20 pounds occasionally and 10 pounds frequently; stand/walk for four hours in an eight-hour workday and sit up to four hours in an eight-hour workday, with an opportunity to alternate

sitting/standing positions every one hour while staying on task; he cannot climb ladders, ropes or scaffolds; he cannot crouch or crawl; he can occasionally climb ramps and stairs; he can occasionally stoop and kneel; he must avoid all exposure to excessive vibration and hazards such as moving machinery and unprotected heights; he is limited to simple, routine tasks; he cannot have production rate or pace work; he is limited to no interaction with the public beyond superficial contact; and he is limited to occasional interaction with coworkers, with no tandem tasks. AR 25.

The ALJ determined that Mr. Yancey is capable of performing past relevant work as an officer helper. AR 32. The ALJ found he was capable of performing this work as it is actually and generally performed. *Id.*

Because the ALJ found Mr. Yancey capable of performing some of his past relevant work at step four, the ALJ did not perform a **step five** analysis to determine whether in light of his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Mr. Yancey could perform.

### VI.    Issues for Review

Mr. Yancey argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ

erred by improperly discrediting Mr. Yancey's symptom claims and failing to properly consider and weigh the opinion evidence. ECF No. 11 at 10.

## VII. Discussion

### A. The ALJ did not improperly discredit Mr. Yancey's symptom claims.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996). Here, the ALJ found that the medically determinable

impairments could reasonably be expected to produce some of the symptoms Mr.

Yancey alleges; however, the ALJ determined that Mr. Yancey's statements

regarding intensity, persistence, and limiting effects of the symptoms were not

entirely credible. AR 26-29. The ALJ provided multiple reasons for discrediting

his subjective complaint testimony. AR *Id.*

### a. Physical impairments

The ALJ found that Mr. Yancey's allegations regarding his physical

impairments are not supported by the record. AR 26-27. For example, he noted that

his scoliosis and kyphosis improved with conservative therapy. AR 26, 578-92.[1]

Allegations of disabling pain may be rejected when they are managed with

conservative treatment. *Tommasetti*, 533 F.3d at 1039-1040. Likewise, Mr. Yancey

has acknowledged improvement from conservative treatment, such as physical

therapy and medication. AR 438, 441, 628.

Additionally, objective findings do not support his allegations. The ALJ

cited to January 2014 x-rays that revealed mild findings. AR 424-26. Likewise,

physical examinations have resulted in unremarkable findings, such as normal gait

and station, strength in extremities, and sensation and reflexes. AR 412, 447, 654.

---

[1] The Court notes that the ALJ inadvertently cited to Exhibit 15F, as opposed to Exhibit 14F, that does detail conservative treatment of Mr. Yancey's scoliosis and kyphosis. Any error is harmless, as the record does support the ALJ's findings.

The record also supports the ALJ's findings that Mr. Yancey's sleep apnea was not disabling because it improved with treatment. If an impairment can be controlled by treatment or medication, it cannot be considered disabling. *Brown v. Barnhart,* 390 F.3d 535, 540 (9th Cir. 2004). Following a septoplasty in May 2014, he demonstrated improvement with the condition. AR 649. By June 18, 2014, Mr. Yancey's breathing was "much better," his pain was resolved, and his doctor stated that he was "doing well." AR 650.

### b. Mental impairments

As with his physical impairments, the ALJ found that the record did not support a finding that Mr. Yancey's mental impairments were disabling. AR 27-29. The ALJ found that despite his Asperger's syndrome and objective findings that support that diagnosis, Mr. Yancey was able to maintain employment in a variety of jobs, including those that require significant interaction with the public, such as customer service and telemarketing. AR 28. Mr. Yancey also demonstrated a subjective belief that he is capable of working by his continued efforts to find a job, even cutting a doctor's appointment short to attend a job interview. AR 628. This is also supported by the findings of Dr. Richard G. Weiler, PhD, who noted that Mr. Yancey had motivation to participate in training programs in order to obtain full-time employment. AR 357-58. The ALJ interpreted these facts to demonstrate that Mr. Yancey is not disabled. When the ALJ presents a reasonable

interpretation, such as this, and it is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The objective findings also supports the ALJ's conclusion. Mr. Yancye's mental status examinations findings have generally been unremarkable. AR 376, 382, 422, 443, 447, 610, 625, 633, 638. The record also supports the ALJ's findings that Mr. Yancey's anxiety and depression are tied to situational stressors, such as unemployment, trouble securing housing, and family stress. AR 381-82, 402, 602, 607.

Additionally, the record shows that Mr. Yancey's mental impairments are managed by medication. AR 381, 602, 607, 628. If an impairment can be controlled by treatment or medication, it cannot be considered disabling. *Brown,* 390 F.3d at 540.

Finally, the ALJ noted numerous activities of daily living that are inconsistent with disabling mental impairments. AR 29. These include cooking, household chores, watching television, listening to music, writing, and managing finances. *Id.* In particular, Mr. Yancey stated on his function report from November 2013 that he could maintain attention for "several hours" when he was interested, contrary to allegations that he is impaired in his ability to maintain concentration and focus. AR 254.

In sum, the ALJ provided numerous reasons for the findings related to Mr. Yancey's credibility that are supported by the record. The Court does not find the ALJ erred when assessing Mr. Yancey's credibility because Mr. Yancey's allegations of complete disability are inconsistent with the record and medical evidence, and Mr. Yancey's activities reflect a level of functioning that is inconsistent with his claims of total disability.

**B. The ALJ properly weighed the medical opinion evidence.**

**a. Legal standard**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted

for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### b. Dr. Debra Brown, PhD and Dr. John Arnold, PhD

Dr. Brown performed a Psychological/Psychiatric Evaluation on Mr. Yancey on January 21, 2014. AR 393-98. Dr. Brown found moderate limitations in six areas of basic work activity, marked limitations in six additional areas of basic work activity, and severe limitations in the ability to adapt to changes in a routine work setting. AR 395. The ALJ assigned little weight to Dr. Brown's opinion for numerous reasons. AR 30.

Dr. Arnold performed a Psychological/Psychiatric Evaluation on September 17, 2015. AR 596-600. Dr. Arnold found moderate limitations in six areas of basic work activity, marked limitations in three areas, and severe limitations in four areas, including the ability to adapt to changes in a routine work setting. AR 598.

He rated the overall severity rating of Mr. Yancey's mental impairments to be severe. *Id.* The ALJ gave little weight to Dr. Arnold's opinion, and he gave the same reasons for rejecting both Dr. Brown and Dr. Arnold's opinions. AR 30-31.

The ALJ first noted that the evaluations are less reliable in the Social Security context because the state Department of Social and Health Services ("DSHS"), the body for which Dr. Brown and Dr. Arnold performed their evaluations, uses different regulations to determine benefit eligibility and relies heavily on self-reported symptoms. AR 30, 31. An ALJ may discount a treating provider's opinion if it is based largely on the claimant's self-reports and not on clinical evidence, and the ALJ finds the claimant not credible. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Dr. Brown notes in her report that she did not review any records and her recorded observations were mostly normal (AR 393, 396-97), which supports the ALJ's determination that the report is largely based on self-reporting. Dr. Arnold indicated that he reviewed a "clinical interview and mental status exam," but he does not indicate to which he refers. AR 596. There is no indication he reviewed the record as a whole or that he performed any specific objective testing. AR 596-600.

The ALJ also found that the opinions were less reliable because they were in check-box format with few objective findings to support them. AR 30, 31. This is permissible. *See Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014) (check-

box formats are entitled to less weight when unsupported and not supported by experiences and records); *see also Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). As neither doctor reviewed records, the findings are limited to the single visit and, as stated prior, based on significant acceptance of self-reported symptoms.

Finally and most importantly, the ALJ rejected the opinions because they are not supported by the record. AR 30, 31. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 602-603 (9th Cir. 1999). Contrary to the numerous limitations opined, the record reflects benign mental status findings. AR 376, 382, 422, 443, 447, 610, 625, 633, 638. Additionally, neither doctor appears aware that the record indicates the positive impact of medication on Mr. Yancey's mental impairments. AR 381, 602, 607, 628.

When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d 1104, 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). In discounting Dr. Brown and Dr. Arnold's opinions, the ALJ

supported the determination with specific and legitimate reasons supported by substantial evidence in the record. Thus, the Court finds the ALJ did not err in his consideration of these opinions.

### c. Dr. Nathan Henry, PsyD

Dr. Henry performed a Psychological Diagnostic Evaluation on Mr. Yancey on January 13, 2014. AR 386-91. Dr. Henry noted that Mr. Yancey had "lifelong deficits in social relationships/communication, restricted/exaggerated interests, and difficulty with changes in routine." AR 390. He opined that these deficient have long-term impairment and that his prognosis "appears guarded." AR 391. He also found that Mr. Yancey did not appear to have cognitive impairment. *Id.*

The ALJ gave some weight to this opinion, but gave more weight to the opinion of impartial psychological expert Dr. Marian Martin, PhD, who testified at the hearing. AR 30. The ALJ gave Dr. Martin's opinion more weight because she had the opportunity to review the full record and because her opinion was more consistent with the objective medical findings and Mr. Yancey's demonstrated functional abilities. *Id.*

The ALJ is required to consider all medical opinion evidence, and the ALJ is also assigned the duty to be the "final arbitrer" in resolving medical evidence ambiguities. *Tommasetti*, 533 F.3d at 1041. Here, the ALJ evaluated both opinions and determined that Dr. Martin's was more reliable, and the ALJ then provided

specific and legitimate reasons for this finding. *Lester*, 81 F.3d at 830-31. The Court finds no error.

### d. Dr. Robert C. Thompson, M.D., and Dr. Marian Martin, PhD

Dr. Thompson and Dr. Martin both testified as impartial medical experts at the hearing. AR 39-83. The ALJ afforded their opinions significant weight. AR 29-30. Both doctors reviewed the medical record and have "an understanding of Social Security disability programs and evidentiary requirements." AR 29. In addition, the ALJ explained that the opinions of both doctors were supported by the record. AR 29-30. In particular, Dr. Thompson's findings were supported by benign x-rays, physical examination findings, and Mr. Yancey's statements that he can lift up to 40 pounds. AR 29. Dr. Martin's findings are supported by benign mental status findings in the record and Mr. Yancey's reports of improvement of his mental impairments with medication. AR 29-30. The ALJ additionally found both doctors' opinions consistent with the opinion of the Disability Determination Services ("DDS") consultant that reviewed the record and rendered an opinion in May 2014. AR 29-30, 141-57.

Again, Mr. Yancey takes issue with the weight given to these doctors, but as discussed prior regarding Dr. Henry's opinion, the ALJ is assigned the duty to be the "final arbitrer" in resolving medical evidence ambiguities. *Tommasetti*, 533 F.3d at 1041. Again, the ALJ determined that these opinions were the most reliable

and provided multiple specific and legitimate reasons for this determination. *Lester*, 81 F.3d at 830-31. The Court finds no error.

**C. The ALJ did not err in the weighing of the non-medical lay witness opinions.**

The ALJ gave little weight to the lay witness opinions of Pennie Hartley, a friend of Mr. Yancey's family; Mark Kast, Mr. Yancey's friend and former supervisor; and Patricia Oliphant, Mr. Yancey's grandmother. AR 31- 32. The ALJ gave partial weight to the vocational report of Cindy Wright. *Id.* Mr. Yancey argues that these were rejected for "insufficient reasons" and are "ancillary errors" to be addressed on remand. ECF No. 11 at 19. Mr. Yancey must do more than simply issue spot; he has the burden of showing prejudicial error. *See Molina*, 674 F.3d at 1110-11. Mr. Yancey has left it to the Court to guess at his specific contentions, the evidence that causes him concern, and how the ALJ erred with regard to this evidence.[2] *United States v. Renzi*, 651 F.3d 1012, 1030 (9th Cir. 2011); *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003).

Nevertheless, the Court finds that the ALJ did not err with regard to these lay witness opinions. These opinions are classified as "other source." 20 C.F.R. §§

---

[2] In addition, Mr. Yancey is mistaken in his reply brief that the Commissioner conceded the issue by failing to respond, as the Commissioner noted that Mr. Yancey failed to make arguments regarding these other opinions. ECF No. 12 at 18.

404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

Inconsistency with evidence in the medical record is a germane reason to reject other source testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). The ALJ described inconsistencies with the record for each opinion. AR 31-32. The ALJ also rejected Mr. Kast's and Ms. Oliphant's opinions because they were based on subjective statements and Mr. Yancey was previously found to be not credible. AR 31-32; *see supra* at pp. 9-13. This is a germane reason for rejecting a lay witness opinion. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (upholding the ALJ's rejection of a lay witness for the same reasons the ALJ rejected the claimant's credibility).

**D. There are no ancillary errors that warrant remand.**

Mr. Yancey argues that had his symptom testimony and the medical evidence discussed above been properly considered, a different residual functional capacity and resulting hypothetical to the vocational expert would have been

reached. ECF No. 11 at 20. This is merely an attempt to repeat the same arguments discussed above. The Court will uphold the ALJ's findings when a claimant attempts to restate the argument that the residual functional capacity finding did not account for all limitations and the resulting vocational expert hypothetical was incomplete. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free from legal error. Accordingly, **IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED.**

2.  Defendant's Motion for Summary Judgment, **ECF No. 12,** is **GRANTED.**

3.  The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 30th day of May, 2018.

<u>*s/Robert H. Whaley*</u>
ROBERT H. WHALEY
Senior United States District Judge